# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| VANOKA WASHINGTON,   )  <br>    Plaintiff,   ) <br> )<br> v.   )<br> )<br> STEVEN RYAN, *et al.*,   )<br>    Defendant.   ) | Case No. 3:18-cv-03099-CSB |

## SUMMARY JUDGMENT ORDER

**COLIN STIRLING BRUCE, United States District Judge:**

In May 2018, Plaintiff *pro se*, Vanoka Washington, who has been released from the Illinois Department of Corrections ("IDOC"), filed a complaint under 42 U.S.C. § 1983 [1], alleging constitutional violations that occurred while he was incarcerated at Western Illinois Correctional Center ("Western"). Plaintiff named the following Defendants: correctional lieutenant Steven Ryan and correctional officers Jamie Berghaus, Corey Cortes, Tyler Dralle, Andrew Manton, and Keenan Smith.

After screening the complaint as required under 28 U.S.C. § 1915A, the Court found that Plaintiff stated the following claims: (1) an Eighth

Amendment excessive force claim against Defendants Cortes and Ryan; (2) a First Amendment retaliation claim against Defendants Berghaus and Ryan; and (3) an Eighth Amendment deliberate indifference claim against Defendants Berghaus, Cortes, Dralle, Manton, Ryan, and Smith. [10].

Before the Court is a motion for partial summary judgment [26] filed by Defendants, who assert that Plaintiff did not exhaust his administrative remedies as to his Eighth Amendment claims. Plaintiff has responded [31]. Based on the parties' pleadings, affidavits, and other supporting documents, the Court grants Defendants' motion.

## I. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant may show the absence of a genuine dispute through specific cites to relevant evidence or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(1). "If the moving party has properly supported his motion, the burden shifts

to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

The nonmovant may not rest on his allegations in the complaint, but instead, must point to relevant evidence in the record to show that a genuine dispute exists. *Id.* "Conclusory allegations, unsupported by specific facts will not suffice." *Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011). "A dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In making that decision, a court construes facts and reasonable inferences in the light most favorable to the nonmovant. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

## II. THE ADMINISTRATIVE REMEDY PROGRAM

Because Defendants claim that Plaintiff failed to exhaust his administrative remedies, that procedure is summarized to provide context.

The Illinois Administrative Code ("Code") guides the proper procedures to resolve grievances filed by IDOC inmates. *See* 20 Ill. Admin. Code § 504.800 et seq. (2017), as promulgated in 41 Ill. Reg. 3908–14 (Mar. 31, 2017), effective April 1, 2017.

Typically, an inmate must follow a process that begins by filing a written grievance addressed to the inmate's institutional counselor within sixty days "after the discovery of the incident, occurrence, or problem that gives rise to the grievance." *Id*. § 504.810(a). After the institutional counselor reviews the inmate's grievance, a grievance officer reviews the claim and provides a written response to the inmate. *Id*. § 504.830(a). "However, complaints concerning discipline or sexual abuse shall be sent by the offender directly to the grievance officer." *Id*. § 504.810(a). The grievance officer then reports his or her findings and recommendations to the chief administrative officer. *Id*. § 504.830(e).

The chief administrative officer, typically the warden, then reviews the grievance officer's findings and recommendation and decides the grievance. *Id*. If the issue remains unresolved, the inmate may appeal the

chief administrative officer's decision to the director of IDOC. *Id*. § 504.850. The Administrative Review Board ("ARB"), which acts as the IDOC director's designee, reviews the inmate's appeal and submits its findings and recommendations to the director, who then makes a final decision. *Id*.

Section 504.870 permits an offender to send a grievance directly to the ARB under the following pertinent circumstances:

> 3) Decisions regarding disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.
>
> 4) Other issues that pertain to a facility other than the facility where the offender is currently assigned, excluding personal property and medical issues.

*Id*. § 504.870.

### III. MATERIAL FACTS

Consistent with summary judgment standards, the Court provides the following facts in the light most favorable to Plaintiff, drawing all reasonable inferences in his favor. *Robinson v. Perales*, 894 F.3d 818, 823 (7th Cir. 2018).

On September 29, 2017, Plaintiff filed a grievance, alleging that after a September 18, 2017, shakedown at Western, Defendant Ryan wrote an inmate disciplinary report ("IDR"), charging Plaintiff with disobeying a lawful order and "dangerous communications." (ECF 26-1: p. 14.) Plaintiff asserted that because recordings taken during the shakedown did not support the charges, the adjustment committee should have disregarded Ryan's report at Plaintiff's subsequent disciplinary hearing.

Plaintiff also alleged that he was denied medical treatment for injuries inflicted by the tactical unit during his transfer to segregation and injuries to his wrist, groin, back, shoulder, stomach, and chest after arriving at segregation. (*Id.* p. 15.) Plaintiff requested the following relief:

> All disciplinary sanctions lifted, and privileges restored. This matter to be turned over to Internal Affairs for investigation into the staff misconduct [by Defendants] Ryan and Cortes et al. for excessive force.

(*Id.* p. 14.)

On November 25, 2017, Plaintiff filed a grievance, requesting an update on his September 29, 2017, grievance. (*Id.* p. 16.) Plaintiff expressed

6

concern that a delay in receiving a response would adversely affect his ability to exhaust his administrative remedies. On December 6, 2017, Tara Goins, a grievance officer, returned Plaintiff's November 2017 grievance, stating her intent to respond. (26-2: p. 2:17.)

On January 10, 2018, IDOC transferred Plaintiff to Hill Correctional Center. Two days later, Plaintiff submitted a grievance to the ARB. Plaintiff explained that on September 29, 2017, he sent a grievance to Goins, complaining that on eleven days earlier, Defendants Ryan and Cortes, unknown members of the Western tactical unit cell extraction team, and the statewide tactical unit used excessive force and filed a false IDR to cover up the assault. (26-1: pp. 20-21.) Plaintiff also explained to the ARB that on November 25, 2017, he requested an update on his September 2017 grievance, and Goins provided an update within two weeks. (*Id.* p. 21.)

Plaintiff then asserted that the staff at Western and Goins acted in concert with Defendants Cortes and Ryan to impede his efforts to exhaust his institutional remedies. Plaintiff requested an investigation into the actions of Goins, the segregation staff, the adjustment committee members;

7

Western's warden, and Defendants Berghaus, Cortes, and Ryan regarding the September 18, 2017, incident; and his September 29, 2017, grievance. (26-1: p. 20.)

On January 26, 2018, the ARB received Plaintiff's January 2018 grievance, his November 2017 grievance, and Goins December 2017 response. In February 2018, the ARB sent Plaintiff a "Return of Grievance or Correspondence" form. The ARB classified Plaintiff's appeal as "misdirected" because "medical issues are to be reviewed at your current facility prior to review by the [ARB]." (*Id.* p. 23.) In the space designated as "other," appeared a handwritten note stating, "These submissions fail to meet [Department Rule] 504F. No review." (*Id.*)

On January 31, 2018, Goins sent her recommendation to deny Plaintiff's September 29, 2017, grievance to the chief administrative officer at Western, Cameron Watson. Watson concurred with Goins' decision. On February 2, 2018, Western mailed the response to Plaintiff.

# IV. ANALYSIS

## A. Failure to Exhaust Standard

Section 1997e(a) of the Prison Litigation Reform Act provides the following guidance regarding the applicability of administrative remedies:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion of administrative remedies serves two main purposes." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). First, it provides an agency the "opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court and it discourages disregard of the agency's procedures." *Id*. Second, "exhaustion promotes efficiency" as claims can generally "be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id*.

The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Id*. If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Id*. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.

Failure to exhaust is an affirmative defense for which the defendants carry the burden of proof. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016).

## B. Defendants' Exhaustion Claim

Defendants contend that they are entitled to summary judgment on Plaintiff's Eighth Amendment claims because Plaintiff did not exhaust his administrative remedies as to his September 29, 2017, or January 12, 2018, grievances. Defendants first assert that Plaintiff never appealed his September 29, 2017, grievance to the ARB. In support of their assertion, Defendants attach the declaration of an ARB Chairperson, who confirms that the ARB's records do not show that Plaintiff appealed his September 29, 2017, grievance.

Plaintiff responds that Goins' delay in responding to his September 29, 2017, grievance, denied him specific remedies such as a "meeting with the grievance officer" and the ability to have the chief administrative officer consider his September 29, and November 25, 2017, grievances concurrently. *See* 20 Ill. Admin. Code § 504.830(d) ("An offender may be afforded an opportunity to appear before the Grievance Officer unless the grievance is deemed without merit."); *see also Id*. § 504.830(e) (allowing the

chief administrative officer to issue one combined response "to duplicate grievances on issues that are currently being grieved").

The Court concludes that Plaintiff's rebuttal regarding the denial of his remedies is nonresponsive to Defendants' established claim that Plaintiff took no action after Watson responded to his September 29, 2017, grievance.

Defendants also assert that Plaintiff did not exhaust his January 12, 2018, grievance because the ARB denied it on procedural grounds. Plaintiff responds that the ARB erred because it denied his grievance based on a medical claim he did not raise. However, the ARB also refused to consider the merits of Plaintiff's January 2018 grievance because Plaintiff failed to comply with Department Rule 504F. *See Barrows v. Illinois Department of Corrections*, 2014 WL 4216223, at *2 (C.D. Ill. 2014) ("Under Department Rule 504F: Grievance Procedures for Committed Persons, generally, an inmate has sixty days to file a grievance from the date of discovery of the problem.").

If an institution "accepts a belated filing, and considers it on the merits, that step makes the filing 'proper' for purposes of state law and avoids exhaustion, default, and timeliness hurdles in federal court." *Pozo*, 286 F.3d at 1025. "But if the state stands on its time limits and rejects the filing as too late, then state remedies have not been properly invoked." *Id.*

The ARB's characterization of Plaintiff's January 2018 grievance as misdirected because it pertained to medical issues was not a decision on the merits because, as Plaintiff concedes, he did not raise medical claims in his grievance to the ARB. However, even if Plaintiff had alleged medical issues, Plaintiff still would not have exhausted his administrative remedies. *See Brooks v. Walls*, 301 F.3d 839, 841 (7th Cir. 2002) (where the Seventh Circuit held that "both aspects of a dual-ground decision (substance and procedure) must be respected, so that an untimely petition is not properly filed even if the court also addresses the merits—whether or not the timeliness ruling was entangled with the merits.") ( internal citation and quotation marks omitted).

The record in this case shows that Plaintiff was aware of the procedures he had to satisfy to exhaust his administrative remedies. For example, as mandated by section 504.810(a) of the Code, Plaintiff correctly bypassed Western's counselor and submitted his complaint directly to Goins, the grievance officer, because Plaintiff's September 29, 2017, grievance raised issues related to prison discipline. Therein, Plaintiff alleged Eighth Amendment excessive force and deliberate indifference claims.

In November 2017, Plaintiff expressed his concerns that the delay in receiving a response to his grievance could adversely affect the proper exhaustion of his administrative remedies. And after his January 2018 transfer from Western to Hill, Plaintiff availed himself of a provision in the Code that permitted him to submit a direct appeal to the ARB on specific issues that occurred at Western. In his direct appeal to the ARB, Plaintiff reiterated his excessive force claim and correctly omitted any reference to his deliberate indifference claim.

However, Plaintiff does not cite facts to establish that a genuine dispute exists as to the proper exhaustion of his September 29, 2017, grievance by timely filing it to the ARB or his January 2010 grievance to the ARB, which it declined to review on procedural grounds. *See Woodford*, 548 U.S. at 90 (concluding that exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits") (quoting *Pozo*, 286 F.3d at 1024) (emphasis in original).

Accordingly, because the Court finds that Defendants have satisfied the burden of persuasion, the Court must dismiss Plaintiff's Eighth Amendment claims. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) ("[A] court may not excuse a failure to exhaust, even to take special circumstances into account.")

**IT IS THEREFORE ORDERED:**

    **1) The Court GRANTS Defendants' motion for partial summary judgment [26].**

    **2) The Court GRANTS summary judgment as to the following claims: (1) Plaintiff's Eighth Amendment excessive force claim against Defendants Cortes and Ryan and (2) Plaintiff's Eighth Amendment**

deliberate indifference claims against Defendants Berghaus, Cortes, Dralle, Manton, Ryan, and Smith.

    3) Plaintiff's First Amendment retaliation claim against Defendants Berghaus and Ryan remains pending.

    4) The Clerk of the Court is directed to terminate Defendants Cortes, Dralle, Manton, and Smith as parties in this case.

    5) Discovery on the merits is no longer stayed. *See* October 10, 2018, Text Order. The Court's Scheduling Order [23] is amended as follows: Discovery closes on November 29, 2019. Summary judgment motions are due on January 2, 2020.

Entered July 23, 2019.

                               s/ Colin S. Bruce
                             _____
                               COLIN S. BRUCE
                       UNITED STATES DISTRICT JUDGE