E-FILED
Monday, 02 August, 2021  10:25:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| VANOKA WASHINGTON, | ) | |
|    Plaintiff, | ) | |
| | ) | |
|    v. | ) | Case No. 3:18-cv-03099-CSB |
| | ) | |
| STEVEN RYAN *et al.*, | ) | |
|    Defendants. | ) | |

### SUMMARY JUDGMENT ORDER

Before the Court is a motion for summary judgment [52] filed by Defendant

corrections officials Jamie Berghaus and Steven Ryan. Plaintiff *pro se* Vanoka

Washington has responded [54], and Defendants have replied [55]. Plaintiff has since

filed motions to amend his response [57] and enter evidence [58] that Defendants

oppose. For the following reasons, the Court (1) denies Plaintiff's motion to amend, (2)

concludes that Plaintiff's motion to enter evidence is moot, and (3) grants Defendants'

motion for summary judgment.

### I. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A movant may demonstrate the absence of a

material dispute through specific cites to admissible evidence or by showing that the

nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R.

Civ. P. 56(c)(1). "If the moving party has properly supported his motion, the burden

1

shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015).

The nonmovant may not rest on his allegations in the complaint but instead must point to admissible evidence in the record to show that a genuine dispute exists. *Id.* "Conclusory allegations, unsupported by specific facts will not suffice." *Harvey v. Town of Merrillville*, 649 F.3d 526, 529 (7th Cir. 2011). "A dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In making that decision, the Court construes all facts and reasonable inferences drawn in the light most favorable to the nonmovant. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

## II. BACKGROUND

In May 2018, Plaintiff filed a complaint under 42 U.S.C. § 1983 [1], alleging constitutional violations that occurred while he was incarcerated at Western Illinois Correctional Center. Plaintiff's suit named, among others, Defendants Berghaus, a corrections officer, and Ryan, a corrections lieutenant.

After screening the complaint, the Court found that Plaintiff stated (1) an Eighth Amendment excessive force claim against Defendant Ryan and another corrections officer, (2) a First Amendment retaliation claim against Defendant Berghaus and Ryan, and (3) an Eighth Amendment deliberate indifference claim against Berghaus, Ryan, and other correction officers. [10].

The Court later granted summary judgment on Plaintiff's excessive force and deliberate indifference claims, concluding that he failed to exhaust his administrative remedies [37]. As a result, Plaintiff's First Amendment retaliation claim against Defendants Berghaus and Ryan remained pending. Plaintiff has been released from the Illinois Department of Corrections ("IDOC").

### III. MATERIAL FACTS

### A. Grievance No. 17-0778

On September 29, 2019, Plaintiff filed a grievance against Defendant Ryan, claiming that he and another nonparty corrections officer used excessive force. (ECF 52-1: pp. 15:23, 16:1-3.) Tara Goins, a grievance officer, received Plaintiff's grievance, identified as 17-0778. (52-5: p. 1:5.) On November 25, 2017, Plaintiff submitted a grievance, requesting the status on grievance 17-0778. (52-1: p. 16:5-7.) On December 6, 2017, Goins returned Plaintiff's November 2017 grievance, "noting the issue would be addressed with [her] response to the September 29, 2017[,] grievance…." (*Id*. p. 1:7.)

On January 31, 2018, Goins completed her review of grievance 17-0778. Although Goins could not recall whether she spoke to or interviewed anyone about grievance 17-0778, she explained that she would have documented any investigative contact or interview conducted. Goins asserted that she did not speak to any staff members regarding grievance 17-0778 "[b]ecuase my January 31, 2018, grievance response does not state that I spoke to any staff members…." (*Id*. p. 2:11.)

### B. Plaintiff's Contact with Defendants Berghaus and Ryan

On December 6, 2017, Plaintiff was eating lunch with other inmates. Plaintiff spoke with Defendant Ryan, but they dispute the content of their conversation. Plaintiff states that Ryan made disparaging remarks about his race and physical disability.[1] (52-2: p. 8.) Ryan contends that Plaintiff attempted to create a disturbance by making disparaging remarks about Ryan in front of other inmates. (52-3: p. 3.) Plaintiff then complied with Ryan's request to talk outside the dining area.

Defendant Ryan observed that Plaintiff would not calm down, continued making slanderous comments, and disobeyed orders to remove his hand from his pocket. (*Id.*) Plaintiff recalls that Ryan threatened to harm him physically. (52-2: p. 9.) Ryan grabbed Plaintiff's hand, forced it behind his back, and escorted Plaintiff to segregation, where Defendant Berghaus worked.

After Plaintiff's placement in a segregated cell, Defendant Berghaus overheard Plaintiff telling an inmate that after his release from IDOC, he would kill a corrections officer and that officer's family. Later that day, Berghaus and Defendant Ryan wrote separate offender disciplinary reports that charged Plaintiff with rule violations based on their respective incident reports. Plaintiff was served with the offender disciplinary reports on December 6, 2017. (52-2: pp. 2, 11.)

Plaintiff wrote two grievances dated December 6, 2017. First, Plaintiff claimed that Defendant Ryan threatened him in retaliation for Plaintiff filing grievance 17-0778.

---

[1] The record indicates that Plaintiff only has one arm. (52-2: p. 4.)

(52-2: pp. 8-9.) In his second grievance, Plaintiff claimed that after Ryan spoke with

Defendant Berghaus in a utility room, he submitted a false offender disciplinary report,

knowing that it would result in harsher penalties because Plaintiff has several

disciplinary reports written against him. (*Id*. p. 17-18.)

On December 19, 2017, an adjustment committee found Plaintiff guilty of the rule

violations alleged by Defendants Berghaus and Ryan in their respective offender

disciplinary reports. (*Id*. pp. 4, 12.)

Defendant Ryan testified he was not aware that Plaintiff filed grievance 17-0778

against him. Ryan stated that he submitted the December 6, 2017, report because of the

rule infractions Plaintiff committed as detailed in his incident report. Ryan asserts that

he did not retaliate against Plaintiff. (52-3: p. 1:4-6.)

Defendant Berghaus testified that Defendant Ryan did not tell him Plaintiff had

submitted grievances, nor was Berghaus aware that Plaintiff had filed any grievances.

Berghaus states that Ryan did not instruct him to retaliate against Plaintiff. Berghaus

submitted the December 6, 2017, report because Plaintiff made threats against a staff

member as outlined in his incident report. Berghaus asserts that he did not retaliate

against Plaintiff. (52-4: pp. 1-2:5-9.)

Plaintiff testified that Defendant Ryan retaliated against him by issuing a

"disciplinary ticket to send [Plaintiff] to segregation." (52-1: p. 18:11-12.) Plaintiff

admitted that he did not "have any proof" that Defendants Berghaus and Ryan knew

about grievance 17-0778. (*Id*. pp. 17:9-14, 25:7-10.) Instead, Plaintiff's "assumption" was

that Goins interviewed Defendants and others as part of her investigation. (*Id*. p. 17:18-

20.) Plaintiff based his assumption on the return of his November 25, 2017, grievance, in which he claims Goins "stated that she investigated allegations into the November 25 grievance." (*Id*. p. 17:17-18.) Plaintiff believed that Goins could not investigate grievance 17-0778 without interviewing Defendants. (*Id*. p. 17:21-22.) Plaintiff also claimed that Berghaus knew about the grievances based on Berghaus' conversation with Ryan in a utility room before Berghaus submitted his December 6, 2017, offender disciplinary report. (*Id*. P. 25: 5-12.) Plaintiff's "assumption" was that "Berghaus knew something about the grievances" based on Berghaus' conversation with Ryan. (*Id*. p. 26:18-20.)

Plaintiff also noted that "the only evidence I have that [Defendants] Ryan and … Berghaus retaliated against me for filing my grievances is [Goins] timing in responding to my grievance, [per] the protocol that they have for investigating grievances." (*Id*. pp. 20:23-24, 21:1-4.) Plaintiff noted that Goins returned his November 2017 status grievance on December 6, 2017—the same day Ryan and Berghaus filed their offender disciplinary results. (*Id*. p. 21:1-11.)

### IV. ANALYSIS

#### A. Plaintiff's Motions to Amend and Enter Evidence

The Court denies Plaintiff's motion to amend his response to Defendants' motion for summary judgment. Plaintiff motion claims that "he has satisfied his lawful obligation(s) and has produced evidence" to support his First Amendment retaliation claim against Defendants. (57: p. 1.) Plaintiff cites Federal Rule of Civil Procedure ("Rule") 71 as the basis for his motion. Rule 71 provides that "[w]hen an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing

6

the order is the same as for a party." Fed. R. Civ. P. 71. In other words, Rule 71 "allows a

non[]party to enforce a court order in its favor just as a party could." *Washington Hosp.*

*v. White*, 889 F.3d 1294, 1299 (3d Cir. 1989). Plaintiff does not explain his reliance on

Rule 71, and the Court concludes that Rule 71 is not relevant to these proceedings.

Furthermore, the Court construes Plaintiff's motion as an impermissible attempt

to file a sur-reply without leave of Court. *See Cummins, Inc. v. TAS Distributing Co., Inc.*,

676 F.Supp.2d 701, 705–06 (C.D. Ill. 2009) ("[U]nlike some other courts, this Court's

Local Rules do not provide for the filing of a surreply in the summary judgment

context."). Therefore the Court denies Plaintiff's motion to amend his response [57].

Plaintiff's motion to enter evidence [58] requests that this Court consider the

evidence Defendants have proffered in support of their motion for summary judgment

as part of Plaintiff's response. As earlier mentioned, in deciding whether summary

judgment is appropriate, the Court construes all facts and reasonable inferences drawn

in the light most favorable to the nonmovant. *Ogden*, 606 F.3d at 358. Given the Court's

obligation, Plaintiff's motion is moot.

### B. Summary Judgment

### 1. Retaliation Standard

To defeat Defendant's motion for summary judgment, Plaintiff must present

admissible evidence that shows a genuine dispute exists on any one of the following

three conditions: (1) he "engaged in activity protected by the First Amendment," (2) he

"suffered a deprivation that would likely deter First Amendment activity in the future,"

and (3) "the First Amendment activity was 'at least a motivating factor' in the

[defendant's] decision to take the retaliatory action." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)).

### A. Defendants' Summary Judgment Motion

Defendants contend that they are entitled to summary judgment because Plaintiff does not provide evidence that Plaintiff's submission of a September 2017 grievance was the motivating factor in Defendants' decision to submit their respective December 2017 offender disciplinary reports. The Court agrees.

A motivating factor is one "that weighs in [on] the defendant's decision to take the action complained of—in other words, it is a consideration present to his mind that favors, that pushes him toward action." *Dace v. Smith-Vasquez*, 658 F. Supp. 2d 865, 881 (S.D. Ill. 2009) (quoting *Hasan v. U.S. Dep't. of Labor*, 400 F.3d 1001, 1006 (7th Cir. 2005)). A plaintiff demonstrates that his speech motivated the defendant's retaliatory actions by presenting direct or circumstantial evidence. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012).

"[T]o demonstrate that a defendant was motivated to retaliate based on protected speech, the plaintiff must first produce evidence that the defendant knew about the protected speech. *Consolino v. Towne*, 872 F.3d 825, 830 (7th Cir. 2017). However, speculation is not enough to create a genuine issue of fact sufficient to defeat a summary judgment motion. *Id*. *See Davis v. Carter*, 452 F.3d 686, 697 (7th Cir. 2006) ("[W]hen the evidence provides for only speculation or guessing, summary judgment is appropriate.").

8

Plaintiff testified that he assumed Goins spoke with Defendants Berghaus and Ryan as she investigated the allegations raised against Ryan in grievance 17-0778, which would have placed them on notice. However, the admissible evidence shows that Goins never spoke with Defendants about grievance 17-0778. Defendants also aver that they did not know Plaintiff filed grievance 17-0778. Plaintiff does not provide any evidence to refute these facts. *See Payne v. Pauley*, 337 F.3d 767, 772–73 (7th Cir. 2003) ("[T]he Federal Rules of Civil procedure require the nonmoving party to 'set' forth specific facts showing that there is a genuine issue for trial.'") (quoting Fed. R. Civ. P. 56(e)).

Aside from assuming how Goins conducted her investigation and what transpired during a utility room meeting between Defendants, Plaintiff does not provide any relevant evidence to reasonably infer that Defendants were aware much less motivated to retaliate because Plaintiff engaged in protected speech.

Plaintiff's additional claim regarding the timing of events, without more, is also insufficient to establish a genuine issue for trial. "The mere fact that one event preceded another does nothing to prove that the first event caused the second." *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000). Instead, "other circumstances must also be present which reasonably suggest that the two events are related." *Id*. S*ee also Igasaki v. Illinois Dept. of Financial and Professional Regulation*, 988 F.3d 948, 960 (7th Cir. 2021) ("When suspicious timing alone is insufficient to carry the plaintiff's burden, a plaintiff may survive summary judgment if there is other evidence that supports the inference of a causal link.") (internal quotation marks and citations omitted).

The Court finds that Defendants have met their burden of showing that Plaintiff lacks evidence that they were motivated to retaliate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case.") Under this circumstance, "the burden shifts to the non-moving party to demonstrate with specific evidence that a triable issue of fact remains on issues on which the non-movant bears to the burden of proof at trial." *Gracia v. Volvo Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997).

However, the Court concludes that Plaintiff has failed to meet his burden given the evidence presented to the Court. Plaintiff does not offer evidence that would permit a fact finder to reasonably infer a link between the offender disciplinary report Defendants Berghaus and Ryan filed and Plaintiff's earlier filing of grievance 17-0778. Viewing the evidence in the light most favorable to Plaintiff, his proof of causation amounts solely to speculation based on suspicious timing, which is insufficient to establish a genuine issue for trial. *See Burks v. Wis. Dep't. of Transp.*, 464 F.3d 744, 759 (2006) (quoting *Sauzek*, 202 F.3d at 918 ("[S]peculation based on suspicious timing alone … does not support a reasonable inference of retaliation.")). Accordingly, the Court grants Defendants' motion for summary judgment on Plaintiff's retaliation claims.

**IT IS THEREFORE ORDERED**:

1) **The Court DENIES Plaintiff's motion to amend his response [57] and concludes that Plaintiff's motion to enter evidence [58] is MOOT for the reasons stated.**

2) **The Court GRANTS Defendants' motion for summary judgment [52] under Fed. R. Civ. P. 56. The Clerk of the Court is directed to enter judgment in favor of**

**Defendants and against Plaintiff. The case is terminated, with the parties to bear their own costs. All deadlines and internal settings are vacated. All pending motions not addressed in this Order are denied as moot. Plaintiff remains responsible for the $350 reduced filing fee.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be allowed to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose...has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered on August 2, 2021.

s/ *Colin S. Bruce*

_____

COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE