UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

Vanoka Washington Plaintiff pro se

V

Steven P Ryan et al. Defendants

Case No 18 cv:-03099

FILED
AUG 2 6 2021
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILL

NOTICE OF APPEAL

Spierer v Rossman: to survive a motion to dismiss the plaintiff must allege facts that show the defendants (1) owed a duty to the plaintiff, (2) that they breached that duty. Rule 14 Third Party Practice (3) Plaintiff's claims against a third party defendant. A non-party is **a person who is not a named party in the lawsuit**. He is neither the plaintiff nor defendant, and he does not have an interest in the lawsuit, third party. n. **a person who is not a party to a contract or a transaction, but has an involvement**. The plaintiff may assert against the third party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third party defendant. The third party defendant must then assert any defense under rule 12 and any counterclaim under rule 13(a) and may assert any counterclaim under rule 13 (b)or any cross-claim under rule 13 (g). The cause of action is **the heart of the complaint**, which is the PLEADING that initiates a lawsuit. Without an adequately stated cause of action the plaintiff's case can be dismissed at the outset. It is not sufficient merely to state that certain events occurred that entitle the plaintiff to relief. the causal connection between an original cause and its subsequent effects especially as a basis for criminal or civil liability intervening acts of third parties will not break the *chain of causation — Brownell v. Figel*, 950 F.2d 1285 (1991) A novus actus interveniens is an act or event that breaks the causal connection between a wrong or crime committed by the defendant and the final consequence/result.

⇒ Thus, if the defendant is able to demonstrate a valid novus actus interveniens, this will be evidence that he/she did not cause the crime, and therefore will not be criminally liable.

⇒ *R v Kennedy* confirmed a key principle in this area of law: where the defendant does an act, and there is a subsequent (possibly intervening) act by X, X's act will be a novus actus interveniens where it is:

1. A free, voluntary, and informed act; and
2. It renders the defendant' act no longer a substantial and operating cause.

⇒ X's act will not be free, voluntary, or informed if there is a justification behind the act: for example, if you throw a rock at Sally's head and Sally deflects it to protect herself, but the rock flies off an hits Henry, you will still be said to have caused Henry's injuries. There was no novus actus interveniens as Sally's actions - in deflecting the rock - were justified.

⇒ More cases on this: *R v Pagett*, *R v Malcherek & Steel*, *R v Jordan*, and *R v Cheshire*.

### Third party omissions breaking the chain of causation

⇒ As a general rule, it would seem that omissions of a third party cannot break the chain of causation. For example, if you stabbed someone and a medic arrived but refused to treat the victim, the medic's omission (to treat the victim) would not break the chain of causation.

### The victim's acts breaking the chain of causation

⇒ An act of the victim will not break the chain of causation unless the victim's actions were unreasonable and disproportionate in the circumstances.

⇒ For instance, if a defendant stabbed the victim on the toe and the victim, in pain, decided to stab himself in the chest because he would rather die than put up with the pain this would break the chain of causation

- The victim's actions here would clearly be unreasonable and disproportionate to justify giving the defendant a murder/manslaughter sentence.

⇒ See, for example, the case of _R v Blaue_.

### The 'thin skull' rule (or egg shell skull rule)

⇒ The 'thin skull' rule says that the defendant must take his victim as he finds him. Therefore, even if injury or death is not reasonably foreseeable the law still considers the defendant liable if the victim suffered from some physical or mental condition that made him or her vulnerable. See, for example, the case of _R v Hayward_.

### Act of God

- ⇒ It is possible that the chain of causation might be broken by a completely external occurrence or factor which is really a coincidence. Obviously such occurrences are very rare.
- **Federal Rule Civil Procedure 59 e**
- **Errors of law or fact in the court's decision**. See _McDowell v. Calderon_, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)( _banc)_(Rule 59(e) is available to "correct manifest errors of law or fact upon which the judgment is based.").

- **Errors of procedure or evidence**. See _Browder v. Director_, 434 U.S. 257, 266 (1978)(erroneous denial of hearing is a proper claim brought under Rule 59(e))

- **Mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, any factor rendering the judgment void, and any other reason that justifies relief**. See Fed. R. Civ. P. 60(b); Advisory Committee Note to Fed. R. Civ. P. 60 (any Rule 60 ground for relief may also be brought under Rule 59(e)).

The final clause of Rule 71 does not purport to affect the general rule that ordinarily a judgment may be enforced only against a party. It merely provides that in those rare cases where such a right exists, the person in question is liable to the same process for enforcing obedience to the order as if he were a party. Suppose, for example, the person knowingly aids or abets the disobeying of the injunction. See Robert Findlay Mfg. Co. v. Hygrade Lighting Fixture Corp., 288 Fed. 80 (D.C.N.Y.1923). The latter portion of Rule 71 will also apply to those situations, as under the discovery rules, where a person not a party may be held liable for expenses and attorney's fees. An order against such a person may be enforced by the same methods as if the person were a party. See 12 Wright & Miller, Federal Practice & Procedure 82 (1973).

Tara Goins was acting under color of law when in her official capacity as grievance officer she denied plaintiff access to administrative remedies available to him during the grievance process when in her own words she stated inmate was transferred to hill cc on 1-10-18 and could not be interviewed. Also, inmate medical file is no longer at WICC, violating plaintiff's constitutional rights under DR 504.830 (c), 04.01.114 5 a 1 section (b) (4) Dewalt v Carter 224 f 3d 7cir 2000. And further declares under penalty of perjury in her declaration affidavit that she did not speak to any staff on the matter of investigating plaintiff's grievance. 735 ILCS 5? CODE OF CIVIL PROCEDURE (D)' the term defendant "includes" third party defendants and parties against whom relief is sought by counterclaim.

In accordance with Spierer Plaintiff pointed this out in his original response and cited rule 71 civil Procedure as basis for his counterclaim in his amended response, rule 71 is not moot because Tara Goins under color of Law according to Spierer v Rossman owed plaintiff a duty (a proper investigation) and breached that duty as is documented and filed by the defendants which is admissible evidence under Harvey v Town of Merrillville. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party Zaya v Sood. The question is why didn't Tara Goins conduct a proper investigation? Not if the defendants Ryan and Berghaus knew of plaintiff's grievances. CAUSE OF ACTION/CHAIN OF CAUSATION.

720 ILCS 5/33.3 Official Misconduct: a public officer or employee or special government agent commits misconduct when in his official capacity or capacity as a government agent, he or she commits any of the following acts: " intentionally or recklessly fails to perform any mandatory duty as required by law, (2) " knowingly performs an act which he knows he is forbidden by law to perform, (3) " with intent to gain a personal advantage for himself or another he performs an act in excess of his lawful authority,(4) solicits or knowingly accepts for the performance of any act a fee or reward which he knows is not authorized by law. Harvey states that the non-movant may not rest on his allegations in the complaint but instead must "point" to admissible evidence in the record to show that a genuine dispute exists. Conclusory allegations unsupported by specific facts will not suffice. "A statutory declaration has the same force of effect as if it were made under oath". Thus an unsworn declaration (which also can be referred to as a certificate, verification or statement) is of the same force and effect as a sworn affidavit in federal court. And for purposes of summary judgment motions in federal court, Fed. R. Civ. P. 56 specifically includes declarations as competent evidence to support and oppose such motions. See, Fed. R. Civ. P. 56(c)(4). While the prerequisites for affidavits and declarations under Federal Rule 56(c)(4) are otherwise the same, the efficiencies associated with declarations cannot be understated. In federal court, the availability of declarations under 28 U.S.C. § 1746 alleviates the logistical problems associated with affidavits, because declarations need not be notarized. 28 U.S.C. § 1746 ("Unsworn Declarations Under Penalty of Perjury") provides as follows: Wherever, under any law of the United States or under

any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form, if reasonable persons could differ as to whether the witness has personal knowledge of the facts stated, the declaration testimony is admissible. Federal Rules Civil Procedure 56 c 4 Affidavits and Declarations.

## MATERIAL FACTS

1. Tara Goins was mentioned in the original complaint et al. but not sought to be included as a defendant until evidence was made available by the defense during discovery which was presented to this court in the form of witness testimony/grievance responses, declarations, affidavit's, and admissions.
2. Plaintiff argues that he pointed out in his response that Tara Goins acting under color of law failed to award plaintiff (a) duties owed, (b) and breached those duties under rule 14 fed. Civ. Procedure. CAUSE OF ACTION/CHAIN OF CAUSATION
3. Plaintiff further argues that his amended response was not an impermissible attempt to file a sur-reply without leave of the court, but a good faith attempt to add Tara Goins to plaintiff's complaint as a defendant and have her testimony as a defense witness entered in as evidence as NEWLY DISCOVERED EVIDENCE. CAUSE OF ACTION/CHAIN OF CAUSATION
4. Plaintiff asserts that rule 71 does apply in that a ruling for summary judgement was granted terminating plaintiff's claims of excessive force and deliberate indifference to medical needs, and that the newly introduced witness testimony highlights that fact. Burden of proof/burden of production requires plaintiff to put forth evidence in the form of witness testimony, documents, or objects, after the plaintiff presents his or her case in chief the burden of production shifts to the defendants who then has the opportunity to produce evidence either rebutting plaintiffs evidence or supporting the defendants own arguments. Under the laws of the United States, civil discovery is broadly construed and parties to a civil action can ask for virtually any material which is reasonably calculated to lead to the discovery of admissible evidence.
5. Plaintiff argues that the defense conceded elements of the retaliation claim. (1) he engaged in activity protected by the first amendment {filing grievances}, (2) he suffered a deprivation that would deter first amendment activity in the future { was taken to segregation, transferred to Hill CC without a proper investigation}, (3)The first amendment activity was at least a motivating factor in defendants decision to take retaliatory action, Chain of Causation/ Cause of Action. Plaintiff further argues that evidence presented by the defense during discovery is admissible and plaintiff can cross examine that evidence and the witness testimony,the evidence was offered, entered and filed by the defendants and their witness. *chain of causation — Brownell v. Figel*, 950 F.2d 1285 (1991) A <u>novus actus interveniens</u> is an act or event that breaks the causal connection between a wrong or crime committed by the defendant and the final consequence/result.

6. Plaintiff argues that procedural due process safeguards are not based on assumptions but rely on facts: A motivating factor is one "that weighs in on the defendants decision to take the action complained of, in other words, it is a consideration present to his mind that favors, that pushes him/her toward action Dace v Smith Vasquez. A plaintiff demonstrates that his speech motivated the defendant's retaliatory action by presenting direct or circumstantial evidence. Kidwell v Eisenhauer (a)Tara Goins knew about plaintiff's grievances, (b)Tara Goins admits she did not interview/speak to any staff or the plaintiff regarding plaintiff's grievances, (c) Tara Goins admits she did not conduct an investigation into plaintiff's claims because she needed access to plaintiff's medical file and plaintiff was transferred to Hill CC. (d) Tara Goins states she reviewed all procedural due process safeguards available to plaintiff in the January 1-10-2018 grievance response.( inference is a rational conclusion that has been deduced, or proved, from the presented facts. McCarter defined inference as a reasonable deduction of fact that is unknown or unproved, from a fact that is known or proved. Brownell v Figel Chain of Causation/Cause of Action
7. Plaintiff argues that defendant Ryan and his witness K Mountain's initial response to plaintiff's unproven threats was to walk away as stated in their respective IDR's and IR's. CAUSE OF ACTION
8. Plaintiff argues that Defendant Ryan alone approached the plaintiff a second time (amount of elapsed time unknown) when defendant observed other inmates getting involved, and escorted plaintiff out of the dietary to talk about his issue. CAUSE OF ACTION
9. Plaintiff argues that no other inmates were approached by Lt. Ryan or any other staff, taken outside to talk about their issues and taken to segregation as defendant Ryan admitted he observed in his reports. Chain of Causation/CAUSE OF ACTION
10. Inference is a rational conclusion that has been deduced, or proved, from the presented facts. McCarter defined inference as a reasonable deduction of fact that is unknown or unproved, from a fact that is known or proved. (a) defendants Berghaus and Ryan were observed by the plaintiff in the utility closet conversing as they've admitted. (b)defendant Berghaus later issued plaintiff an IDR stating he observed plaintiff threaten Officer Cortez and his family, while conversing with other inmates as he was escorting another inmate to his assigned cell.(c) Officer Cortez is one of the officer's mentioned as assaulting plaintiff in his September 2017 grievance. See IDR. Cause of Action/Chain of Causation

ARGUMENT

In these proceedings the plaintiff has presented to this court and attempted to explain the basic forms of admissible evidence plaintiff was/is attempting to have introduced into evidence. Plaintiff has attempted to explain the chain of causation, cause of action by highlighting the timeline of events as explained by the defendants in their documented reports IDR's IR's, grievance responses etc. also explaining the third element of his retaliation claim "MOTIVATING FACTOR" (the but for cause) in highlighting Tara Goins failure to satisfy the duty owed to plaintiff during the grievance process at WICC and further highlighting how she was in breach of her contractual agreement as the grievance officer handling plaintiff's grievances.

Plaintiff disagrees with the court's decision to deny plaintiff's amended response and motion to enter into evidence on the basis that the motions were not filed as an impermissible sur-reply, but instead, was a good faith effort in an attempt to add Tara Goins to plaintiff's complaint as a defendant having perjured herself under oath in her witness testimony/Declaration and documented reports; the newly acquired

evidence presented to this court by the defense highlights that fact. Plaintiff also argues that because of this newly acquired evidence Rule 71 does apply because of the summary judgement on the eighth amendment and first amendment excessive force and deliberate indifference to medical needs claims which was granted to the defendants. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992). Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen.Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995); Fed.R.Civ.P. 59(e)

Plaintiff in good faith believed these inferred facts would be enough to convince this court that the plaintiff has a triable issue based on undisputed material facts. Wherefore plaintiff prays this court reverse its decision and deny defendants motion for summary judgement in favor of the plaintiff and set these proceedings for trial.

> Vanoka Washington
> 208 S. Wilder Street
> Apt, 2s
> Aurora Illinois, 60506
> No cell or email

## PROOF OF SERVICE CERTIFICATE

I Vanoka Washington do declare under penalty of perjury, that on the date of 08-23-2021, I did forward 6 copies of an enclosed NOTICE OF APPEAL Motion and a pre-paid $505.00, money order to the United States District Court Central District Springfield Division Clerk's office for Appellant Filing Fees and costs. Also, plaintiff asks that the clerk of the court update plaintiff's home address to the address given in this certificate. No current e-mail or telephone number.

Vanoka Washington

208 S. Wilder Street

Apt. 2s

Aurora Illinois, 60506

*/s/ Vanoka Washington*

8/23/21

Also, please file and mail back to me a copy of the enclosed document. Thanks

4 U.S Postal stamps enclosed

Vanoka Washington
208 S. Wilder Street Apt. #2S
Aurora Illinois, 60506

United States District Court
Clerk's Office
600 E Monroe Street #226
Springfield Illinois, 62701

Priority
Legal Mail